**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**SANDRA LEIGH MYERS,**

    Plaintiff,

v.                                                              **CIVIL ACTION NO.: 3:15-CV-56
(GROH)**

**STEVEN DuBRUELER; POBAC, LLC;
PODS ENTERPRISES, INC.; and
JOHN DOE,**

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT**

Currently pending before the Court is the Defendants' Second Motion for Summary Judgment [ECF No. 74], filed by Defendants Steven DuBrueler; POBAC, LLC; and PODS Enterprises, Inc., on April 19, 2016. On May 10, 2016, the Plaintiff filed her response, and on May 24, 2016, the Defendants filed their reply. For the following reasons, the Court **GRANTS** the motion.

**I. Background**

On October 31, 2014, the Plaintiff filed her original complaint in the Circuit Court of Berkeley County, West Virginia. Thereafter, on or about April 24, 2015, the Plaintiff filed an amended complaint. The case was subsequently removed to this Court on May 11, 2015, based upon diversity jurisdiction. Both the original and amended complaints name John Doe as a defendant and, to this day, the identity of Doe is still unknown.

In her amended complaint, the Plaintiff alleges that on November 3, 2012, she was a passenger in a vehicle being driven by her husband. The two were traveling northbound on Interstate 81, near the Inwood Exit in Berkeley County, West Virginia. At that time, Doe was also traveling northbound on Interstate 81 and was operating a truck allegedly owned by DuBrueler and POBAC. A PODS sign was attached to the side of the truck. As the Plaintiff crossed into the left lane and attempted to pass the truck, the PODS sign came off and landed on the Plaintiff's vehicle, obstructing her husband's view. In response, the Plaintiff's husband slammed on his brakes, causing the Plaintiff to be thrown into the dash. As a result, the Plaintiff sustained injuries to her right wrist and shoulder, which she claims are permanent in nature.

The Plaintiff claims that Doe's negligence was a direct and proximate cause of her injuries. The Plaintiff further claims that DuBrueler "breached his duty owed to [the] Plaintiff by letting Defendant Doe, an unsafe and irresponsible driver, operate the vehicle, and by failing to ensure that the signs were secured." ECF No. 1-1 at 3. As her claims relate to DuBrueler, POBAC and PODS, the Plaintiff avers that they are "vicariously liable and otherwise legally responsible" for the injuries resulting from Doe's negligence. ECF No. 1-1 at 3.

## II. Standard of Review

Summary judgment is appropriate when a dispute presents no genuine issue as to any material fact, thus warranting judgment as a matter of law in favor of the moving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). It is the duty of the court to

2

conduct "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (citations omitted). Once the movant has met its burden to show an absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. See Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 323-35; Anderson, 477 U.S. at 247-48. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (internal citations omitted). On the contrary, summary judgment should be denied "if the evidence is such that conflicting inferences may be drawn therefrom, or if reasonable men might reach different conclusions." Phoenix Sav. & Loan, Inc. v. Aetna Cas. & Sur. Co., 381 F.2d 245 (4th Cir. 1967) (citation omitted).

### III. Discussion

In their second motion for summary judgment, DuBrueler, POBAC and PODS present three arguments. First, they contend that the claim against Doe, an unnamed and unidentified defendant who has yet to be served in this matter, must be dismissed. Second, they aver that because the vicarious liability claims against them are based upon "Doe's operator negligence as the factual predicate," those claims must also be dismissed. ECF No. 74-1 at 5. Finally, DuBrueler, POBAC and PODS argue that no

3

genuine issue of material fact exists regarding whether DuBrueler owned or controlled the truck involved in the November 3, 2012 incident, and therefore the claim against DuBrueler must be dismissed. Additionally, they argue that because the Plaintiff has made no attempt to pierce POBAC's limited liability company ("LLC") veil, DuBrueler cannot be held personally liable. In response, the Plaintiff admits that she is presently unable to identify the driver of the truck involved in the November 3, 2012 incident. Nevertheless, the Plaintiff argues that "by inference" she can show that the driver of the truck "was either Steven DuBrueler or Mark Smith, and that the other one was the passenger." ECF No. 93 at 7. The Plaintiff further admits that she is aware of the case law regarding John Doe defendants, but nonetheless requests that the Court delay dismissal.

Here, although factual disputes exist, no genuine issue of material fact exists such that a reasonable jury could return a verdict for the nonmoving party. Indeed, the Court finds the present issues before it to be questions of law, and thus ill-suited to determination by a jury. In regard to the Plaintiff's negligence claim against Doe and the vicarious liability claims against DuBrueler, POBAC and PODS stemming therefrom, the Court has been presented with a question of law: Can this cause of action proceed to trial based upon the actions of an unnamed, unidentified John Doe defendant? The Court answers this question in the negative, and therefore finds that the negligence claim against Doe and vicarious liability claims against DuBrueler, POBAC and PODS must be dismissed. In regard to the Plaintiff's negligence claim against DuBrueler, the Court finds that because the Plaintiff has made no attempt to pierce POBAC's LLC veil, DuBrueler cannot be held personally liable and thus the claim against him must be dismissed.

### A. Claim Against Defendant Doe and Vicarious Liability of Defendants DuBrueler, POBAC and PODS

DuBrueler, POBAC and PODS argue that the claim against Doe must be dismissed because judgment cannot be entered against a John Doe defendant, the Federal Rules of Civil Procedure do not permit actions against unnamed defendants, service upon Doe was not executed within 120 days in accordance with Federal Rule of Civil Procedure 4(m) and the Supreme Court cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), support dismissals of claims against John Doe defendants.

The use of unnamed "John Doe" defendants is generally disfavored by federal courts. See Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840, 2000 WL 903896, at *1 (4th Cir. July 7, 2000) (unpublished per curiam table decision) (first citing Roper v. Grayson, 81 F.3d 124, 126 (10th Cir. 1996); then citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)); see also Farmer v. Wilson, Civil Action No. 2:14-cv-13256, 2014 WL 4629591, at *1 (S.D. W. Va. Sept. 15, 2014). However, courts deem the practice acceptable "when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." Chidi Njoku, 217 F.3d at *1 (citations omitted). Importantly, if discovery fails to uncover the identity of the John Doe defendant, the action against him may be dismissed without prejudice. Schiff v. Kennedy, 691 F.2d 196, 198 (4th Cir. 1982).

Here, the Court set a discovery deadline of April 5, 2016. ECF No. 16. Nearly two months have passed since the completion of discovery and the Plaintiff still has not discovered the identity of Doe. Furthermore, over a year has passed since the filing of the Plaintiff's amended complaint and Doe has yet to be served with a summons and a

5

copy of the complaint in accordance with Rule 4(m) of the Federal Rules of Civil Procedure.[1]  Even more troubling is the inability of this Court to enter judgment against an unidentified party, see Chidi Njoku, 217 F.3d at *1, and the insufficiency of a complaint that is unable to state a claim upon which relief can be granted, see Price v. Marsh, Civil Action No. 2:12-cv-05442, 2013 WL 5409811, at *5 (S.D. W. Va. Sept. 25, 2013) (opining that a claim against an unnamed party, by definition, cannot be a claim upon which relief can be granted).  Therefore, because the Plaintiff has been unable to identify Doe after full completion of discovery, the Plaintiff's claim against Doe must be dismissed.

DuBrueler, POBAC and PODS next argue that the claims against them for vicarious liability should be dismissed because the Plaintiff has failed to demonstrate the existence of a relationship between themselves and Doe.  Under the laws of West Virginia, a party asserting a claim of vicarious liability must "make a prima facie showing of the existence of the relation of master and servant or principal and agent or employer and employee." Sanders v. Georgia-Pac. Corp., 225 S.E.2d 218, 222 (W. Va. 1976).

At this stage, the Court finds that the Plaintiff's inability to demonstrate a relationship between Doe, an unidentifiable individual, and DuBrueler, POBAC and PODS is grounds for dismissal of her vicarious liability claims.  The only evidence of any relationship between Doe and the other Defendants is the unsubstantiated allegations made by the Plaintiff in her complaint.  In general, a party opposing a motion for summary judgment must do more than rely on matters pleaded in the complaint. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) (citations omitted).  Contrary to this requirement, the

---

[1] The Court notes that at the time the Plaintiff filed her amended complaint, the Federal Rules of Civil Procedure still required service to be executed within 120 days from the filing of the complaint. Rule 4(m) was amended in 2015, with an effective date of December 1, 2015, reducing the time for service from 120 to 90 days.  Fed. R. Civ. P. 4(m) (advisory committee's note to 2015 amendment).

6

Plaintiff has not provided any information as to an employer and employee relationship, or any other type of relationship, between Doe and the other Defendants through reference to pleadings, affidavits, deposition testimony or otherwise. Therefore, because the Plaintiff has not provided any evidence in support of a relationship between Doe and the other Defendants that would warrant a claim of vicarious liability, the claims asserting vicarious liability against DuBrueler, POBAC and PODS must be dismissed.

      **B.**     **Negligence Claim Against Defendant DuBrueler**

Lastly, DuBrueler, POBAC and PODS argue that the Plaintiff's negligence claim against DuBrueler must be dismissed because there is no genuine issue of material fact regarding whether DuBrueler owned or controlled the truck involved in the November 3, 2012 incident. In support, they point to the Plaintiff's September 15, 2015 deposition, during which she admitted that she had no evidence indicating that DuBrueler or POBAC owned or controlled the truck. However, before determining whether a genuine dispute of material fact exists as to whether DuBrueler owned or controlled the truck involved in the November 3, 2012 incident, the Court must address whether DuBrueler may remain a named party in this cause of action.

In 2005, DuBrueler purchased a PODS franchise through his company, POBAC. ECF No. 93-3 at 3. POBAC is an LLC of which DuBrueler is the owner and sole member. ECF Nos. 93 at 2, 93-3 at 3, 93-7 at 2. The amended complaint alleges that "DuBrueler breached his duty to Plaintiff by letting Defendant Doe, an unsafe and irresponsible driver, operate the vehicle, and by failing to ensure that the signs were secured." ECF No. 1-1 at 3. This negligence claim against DuBrueler is based upon his status as the owner and member of POBAC, which is a franchisee of PODS. See ECF No. 93 at 2. However, the

Plaintiff does not allege how the LLC veil can be pierced in order to hold DuBrueler personally liable.

In West Virginia, the veil of an LLC may be pierced if "(1) there exists such unity of interest and ownership that the separate personalities of the business and of the individual member(s) or manager(s) no longer exist and (2) fraud, injustice, or an inequitable result would occur if the veil is not pierced." Kubican v. The Tavern, LLC, 752 S.E.2d 299, 313 (W. Va. 2013). In establishing the aforementioned factors, the West Virginia Supreme Court in Kubican considered the standards for piercing the veil of corporations. Id. at 311. The complaining party bears the burden of demonstrating the required factors for piercing the veil of a corporate entity. See Mills v. USA Mobile Commc'ns, Inc., 438 S.E.2d 1, 5 (W. Va. 1993). Thus, absent authority explicitly indicating otherwise, the Plaintiff in this case bears the burden of demonstrating the factors required to pierce POBAC's LLC veil. See id.; see also In re White, 412 B.R. 860, 865 (Bankr. W.D. Va. 2009) (citing DeWitt Truck Brokers, Inc. v. W. Ray Flemming Fruit Co., 540 F.2d 681, 683 (4th Cir. 1976)); Thomas & Thomas Court Reporters, LLC v. Switzer, 810 N.W.2d 677, 685 (Neb. 2012). Because the Plaintiff has failed to plead any facts in relation to piercing the LLC veil, the claim against DuBrueler must be dismissed.

## IV. Conclusion

Based upon the aforementioned, the Court **ORDERS** that the Defendants' Second Motion for Summary Judgment [ECF No. 74] is **GRANTED**. The Court **ORDERS** that the Plaintiff's negligence claim against Defendant John Doe is hereby **DISMISSED WITHOUT PREJUDICE**. The Court further **ORDERS** that the Plaintiff's vicarious liability claims against Defendants Steven DuBrueler; POBAC, LLC; and PODS Enterprises, Inc.,

are hereby **DISMISSED WITHOUT PREJUDICE**.  The Court **ORDERS** that the Plaintiff's negligence claim against Defendant Steven DuBrueler is hereby **DISMISSED WITH PREJUDICE**.

The Court **ORDERS** that the Defendants' First Motion for Summary Judgment [ECF No. 55] and the Defendants' Motions in Limine [ECF No. 86] are **DENIED AS MOOT**.

The Court **ORDERS** this matter stricken from its active docket.

The Clerk is **DIRECTED**, pursuant to Federal Rule of Civil Procedure 58, to enter a separate judgment order in favor of the Defendants.

The Clerk is **DIRECTED** to transmit copies of this Order to all counsel of record herein.

**DATED:** June 3, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE